■     HARRIET HOCHMAN et al., Appellants, v JEROME ZWANGER et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (1) an order of the Supreme Court, Nassau County, entered December 28, 1976, which denied, with leave to renew, their motion to increase the *ad damnum* clause of their complaint and to remove the action from the District Court to the Supreme Court, and (2) a further order of the same court, entered March 3, 1977, which denied the renewed motion. Appeal from the order entered December 28, 1976 dismissed, without costs or disbursements. That order was superseded by the order entered March 3, 1977. Order entered March 3, 1977 affirmed, without costs or disbursements. Under the circumstances, it was not an abuse of discretion to deny plaintiffs' motion to increase the *ad damnum* clause and remove the case from the District Court to the Supreme Court. Mollen, P. J., Latham, Damiani and Titone, JJ., concur.

■     STANLEY LIEBMAN et al., Respondents, v HILLCREST GENERAL HOSPITAL, Defendant, and HAROLD GREENE et al., Appellants.—In a medical malpractice action, defendants Greene and Daiell sued herein as Daly, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated June 8, 1977, as denied their motion for a further bill of particulars as to Items Nos. 1, 2, 4 and 10 of their demand or, in the alternative, to preclude plaintiffs from offering at trial any evidence with respect to those items. Order modified by deleting therefrom the provision that the appellants' motion is denied and substituting therefor a provision granting the motion to preclude as to Items Nos. 1, 2, 4 and 10 of the demand for a further bill of particulars unless the plaintiffs prepare and serve a further bill of particulars as to the above-noted items with Item No. 1 to be limited to a "General statement of the acts or omissions constituting the negligence claimed" (CPLR 3043, subd [a], par [3]), as to each appellant, insofar as it is possible. Plaintiffs' time to serve the further bill of particulars is extended until 20 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof. As so modified, order affirmed insofar as appealed from, without costs or disbursements. To the extent that the motion is granted, the bill of particulars is defective and does not, as it should, amplify the pleading, limit the issues and apprise the court and the parties as to what the pleader expects to prove. Mollen, P. J., Martuscello, Rabin and Gulotta, JJ., concur.